IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-509-D

| | |
|---|---|
| SYNGENTA CROP PROTECTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ATTICUS, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Atticus, LLC's motion to seal a portion of its Answer and Counterclaims, the matter having been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) by the Honorable James C. Dever III, United States District Judge. Plaintiff Syngenta Crop Protection, LLC ("Syngenta") has responded in opposition to the motion, and Atticus, LLC ("Atticus") has replied. Additionally, a third-party supplier of Atticus has submitted a statement joining in Atticus' motion to seal. The court has reviewed the Answer and Counterclaim, provisionally filed under seal on April 21, 2020, and has considered the arguments set forth in the parties' briefs and the third-party statement. For the reasons set forth below, the court grants Atticus' motion to seal.

## DISCUSSION

The public has a right of access to court records, which is derived "from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v.*

*Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988)). If the First Amendment right of access applies, the court can only seal the documents because of a compelling governmental interest, and the restriction must be narrowly tailored to serve that interest. *Virginia Dep't of State Police*, 386 F.3d at 575. The common law right of access applies to all judicial records but "does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *Id.* (quoting *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)). To overcome the common law right of access, the party seeking to seal the documents bears the burden to show that "countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford*, 846 F.2d at 253).

Civil pleadings are judicial records subject to the common law presumption of access, which "may be overcome if 'there is a "significant countervailing interest" in support of sealing that outweighs the public's interest in openness.'" *U.S. Tobacco Inc. v. Big S. Wholesale of Virginia, LLC*, No. 5:13-CV-527-F, 2013 WL 6145549, at *3 (E.D.N.C. Nov. 21, 2013) (quoting *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 293 (4th Cir. 2013)).

In determining whether court records should be sealed, this court must follow the procedure established in *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984). First, the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object. *Id.* at 235. Notice is sufficient where, as here, a motion is docketed reasonably in advance of its disposition. *Id.* Second, the court considers less drastic alternatives, such as redaction of any sensitive material.

2

*Id.* Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

This is an action for infringement of Syngenta's U.S. Patent Nos. 8,124,761 ("the '761 Patent") and 8,552,185 ("the '185 Patent"), which involve methods of making azoxystrobin, a chemical fungicide used in agricultural products. Syngenta alleges that "Atticus has infringed, and continues to infringe, Syngenta's patent rights by at least importing, using, selling, and offering to sell azoxystrobin products in the United States . . . that are made using Syngenta's patented methods." (Compl. [DE #1] ¶ 1.) Atticus admits that it sells agricultural fungicides that contain azoxystrobin but denies any infringement of the '761 and '185 Patents. (*See, e.g.*, Answer & Countercls. [DE #26] ¶¶ 9, 13, 14, 37.)

In its motion to seal, Atticus seeks to redact its responses to paragraphs 38 through 42 of Syngenta's complaint. (*See* Def.'s Mot. Seal, Ex. 1 [DE #27-1].) These paragraphs state the following:

> 38. Atticus' azoxystrobin technical is made by reacting a compound of formula (II), as defined in the '761 and '185 Patents, with 2-cyanophenol. This reaction is sometimes referred to colloquially as the "condensation" reaction.
>
> 39. The condensation reaction used to manufacture Atticus' azoxystrobin technical is catalyzed using DABCO.
>
> 40. Among other things, the use of DABCO is confirmed by the presence of one or more impurities in Atticus' end-use products that are indicative of the use of DABCO to catalyze the condensation reaction by which Atticus' azoxystrobin technical is made.
>
> 41. On information and belief, Atticus's azoxystrobin technical is manufactured using DABCO at levels between 0.1 and 40 mol %, and more specifically between 0.1 and 2 mol %.

3

42. On information and belief, Atticus's azoxystrobin technical is manufactured by mixing DABCO in the presence of 2-cyanophenol.

(Compl. ¶¶ 38–42.) Atticus asserts that "the chemical processes used to make the azoxystrobin for Atticus's products constitute highly confidential trade-secret information," the public disclosure of which would violate Atticus' "confidentiality obligations to its [third-party] suppliers." (Def.'s Mem. Supp. Mot. Seal [DE #28] at 1–2.) Syngenta opposes Atticus' motion, arguing that its complaint does not seek "any sort of detailed recipe or process flow for the manufacture of the accused products," but rather Atticus' "mere admission or denial of the use of certain process elements that are the focus of Syngenta's asserted patents, namely the alleged use of DABCO as a catalyst within certain ranges and its addition in relation to another reagent." (Pl.'s Mem. Opp. Mot. Seal [DE #30] at 1.)

Having carefully considered the arguments of the parties and the statement of Atticus's third-party supplier, the court determines that Atticus' responses to paragraphs 38 through 42 of Syngenta's complaint should be redacted at this time. Atticus has shown that its responses implicate technical details regarding the manufacture of azoxystrobin, the disclosure of which could seriously jeopardize the trade secrets of third parties. Atticus's third-party supplier explains:

> The market for azoxystrobin is very large, highly competitive, and is potentially profitable for any chemical manufacturer that can successfully produce azoxystrobin on a commercial scale, without infringing patent rights of others. . . .
>
> Many chemical synthesis routes are known for producing azoxystrobin, at least on a small scale. Publicly available chemical literature, as well as published patent documents, teach many varieties

4

of solvents, reactants, co-reactants, many varieties of catalysts, etc., that may be at least nominally useful for preparing azoxystrobin. The vast majority of known methods, however, are not possibly performed at a commercial scale in an efficient and profitable manner, or have not been scaled up and proven to be capable of profitable use at a commercial scale. This fact, and the presumed validity of the Syngenta patents, make any commercially successful alternative to the method of the Syngenta patents highly valuable. . . .

> Any information that may provide insight into the nature of the Producer's trade secret process is potentially valuable to an alert competitor. This includes indirect information, and even information of what the Producer's trade secret process *does or does not* require, or ingredients the process does or *does not* use. A mere admission or denial of any specific step would provide potentially valuable information to a competitor by showing that a profitable commercial process is even possible without that step. This information would amount to much less than an entire teaching of the trade secret process, but would nonetheless give a competitor information that it did not previously possess (i.e., is of value) by proving that azoxystrobin may be efficiently produced either with or without a specific ingredient or step, and with or without technology of the Syngenta patents.

(Notice Stmt. Third-Party Supplier, Ex. 1 [DE #39-1] at 2–3.) Additionally, Atticus seeks to redact only its responses to paragraphs 38 through 42 of Syngenta's complaint. This appears to be the least drastic measure to protect the trade secrets implicated.

The court need not determine, at this preliminary stage, whether Atticus' responses should ultimately be made public. If, at some later point, it is determined that Atticus' responses to these allegations are not deserving of protection, Atticus' Answer can be unsealed and its responses to paragraphs 38 through 42 be made public.

5

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Seal [DE #27] is GRANTED and it is ORDERED as follows:

1. Defendant's Answer and Counterclaims [DE #26] shall be SEALED; and

2. Within fourteen (14) days of the date of this order, Defendant shall file the redacted version of its Answer and Counterclaims.

This 21st day of September 2020.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge