IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-509-D

| SYNGENTA CROP PROTECTION, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER GRANTING |
| ATTICUS, LLC, | ) | HELM AGRO US, INC.'S |
| | ) | MOTION TO SEAL |
| Defendant. | ) | |
| | ) | |
| *Interested Party* | ) | |
| | ) | |
| HELM AGRO US, INC. | ) | |

Interested party Helm Agro US, Inc. (Helm US) has moved to seal documents that it provisionally filed under seal when it responded to Plaintiff Syngenta Crop Protection, LLC's motion to compel. Those documents are:

1. The Declaration of David Schumacher (Helm Agro US, Inc.) in Response to Syngenta's Subpoena.

2. The Declaration of A. Arvind Kumar in Response to Syngenta's Subpoena to Helm.

3. Exhibit 1 to Mr. Kumar's declaration.

Syngenta and Atticus consent to Helm US's motion to seal.

Before this Court may seal documents, it must "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

Helm US filed its motion to seal on the public docket reasonably in advance of the Court's deciding this motion, giving the public a reasonable opportunity to object. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court therefore finds the public-notice requirement satisfied.

Under the circumstances here, countervailing interests outweigh any public right of access that might attach to the documents Helm US seeks to file under seal. A corporation's right to protect confidential business information outweighs the common-law right of access. *E.g.*, *Rosinbaum v. Flowers Foods, Inc.*, No. 7:16-CV-233-FL, 2017 WL 1424436, at *1 (E.D.N.C. Jan. 23, 2017). Each of the documents that Helm US seeks to seal contains confidential business information. For these documents, the Court finds that Helm US's interest in confidentiality overcomes any public right of access.

Helm US has narrowly tailored its request to seal by only seeking to seal those documents containing confidential business information, and has filed on the public docket its documents that do not contain confidential information. Therefore, the Court finds that there are no less drastic alternatives to sealing the documents. *See Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 680 (E.D.N.C. 2003) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005).

For the foregoing reasons, the Court GRANTS Helm US's motion to seal [DE #113]. It is hereby ORDERED that the following documents shall be SEALED: (a) the Declaration of David Schumacher (Helm Agro US, Inc.) in Response to Syngenta's Subpoena [DE #111]; (b) the Declaration of A. Arvind Kumar in Response to Syngenta's Subpoena [DE #112]; and (c) Exhibit 1 to Mr. Kumar's declaration [DE #112-1].

This 26th day of June 2021.

KIMBERLY A. SWANK
United States Magistrate Judge