IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-509-D

| | |
|---|---|
| SYNGENTA CROP PROTECTION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| ATTICUS, LLC, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' motions to seal portions of documents submitted in connection with Defendant's Seventh Motion to Compel Discovery. On January 6, 2022, the court entered an order granting Defendant's motion to seal its proposed reply to Defendant's Seventh Motion to Compel and directing that a redacted version of the reply [DE #284] be unsealed absent a motion to seal filed by one of the parties. (1/6/22 Order [DE #420] at 2.)

Upon further review of the record, the court has determined that Plaintiff has moved to seal additional information submitted in connection with Defendant's Seventh Motion to Compel Discovery, including information contained in the proposed redacted version of Defendant's reply filed at DE #284. Plaintiff seeks to seal the filings on the ground they "contain sensitive business and technical information concerning Syngenta's confidential communications with third parties, and Syngenta's strategies on sales, marketing, generic competition, its patent portfolio, and evaluating potential illegal azoxystrobin products and potential

infringement of and enforcement of its intellectual property." (Mot. Seal [DE #299] at 1.) Plaintiff has filed proposed redacted versions of the documents, omitting the portions it contends should not be available to the public.

For the reasons set forth in the parties' motions and supporting memoranda, the court finds that the public's common law right of access is outweighed by the interests of the parties and third-party manufacturers in protecting against competitive and/or financial harm were such information made public. *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984). Public notice of the parties' requests to seal and a reasonable opportunity to object have been provided by the filing of their motions, and no objections have been filed with the court. Moreover, the parties have narrowly tailored their requests to remove only information that is sensitive and confidential and not otherwise publicly known. Accordingly, the motions to seal should be allowed.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. The January 6, 2022, Order granting Defendant's motion to seal its Proposed Reply to its Seventh Motion to Compel Discovery [DE #420] is hereby VACATED;

2. Defendant's motion to seal [DE #283] and Plaintiff's Motion to Seal [DE #299] are GRANTED, and the following documents shall be SEALED:

   a. Defendant's Proposed Reply in Support of its Seventh Motion to Compel Discovery [DE #276-1] and the redacted version thereof filed at DE #284;

      b.     Exhibits 7, 8, 13, 14, 15, and 18 to Declaration of Robert J. Scheffel in Support of Defendant's Motion for Leave [DE ##279-8, 279-9, 279-14, 279-15, 279-16, 279-19]. Redacted versions of these filings are available to the public on the court's docket at DE ## 300-4, 300-5, 300-6, 300-7, 300-8, 300-9; and

      c.     Plaintiff's Response to Defendant's Motion for Leave [DE #298]. A redacted version of this filing is available to the public on the court's docket at DE #300-10.

3.     Within seven (7) days of the date this order is entered, the parties shall prepare and file a publicly available version of Defendant's Proposed Reply in Support of its Seventh Motion to Compel redacting the sealed information.

This 9th day of January 2022.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge