IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-509-D

| | |
|---|---|
| SYNGENTA CROP PROTECTION, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ATTICUS, LLC, ) <br> ) <br> Defendant. ) | **ORDER** |

This matter is before the court on the following motions:

1. Defendant's Motion to Seal Portions of Its Response in Opposition to Plaintiff's Motion to Partially Amend the Scheduling Order and Exhibits 1 and 3 to its supporting declaration [DE #387]; and

2. Plaintiff's Motion to Seal Portions of Defendant's Response in Opposition to Plaintiff's Motion to Partially Amend the Scheduling Order and Exhibits 2, 3, 5, 6, 7, 8, 10, 11, 12, and 16 to the supporting declaration [DE #395].

The parties seek to seal the filings on the ground they contain confidential business and technical information, including information concerning third parties' processes for the manufacture of azoxystrobin and confidential communications and agreements with other entities, a non-public legal matter, and Plaintiff's strategies on generic competition and evaluating potential illegal azoxystrobin products and potential infringement of and enforcement of its intellectual property (Def.'s Mot. Seal [DE #387] at 2-3; Pl.'s Mot. Seal [DE #395] at 1.) The parties have filed proposed

redacted versions of the documents, omitting the portions they each contend should not be available to the public.

For the reasons set forth in the parties' motions and supporting memoranda, the court finds that the public's common law right of access is outweighed by the interests of the parties and third-party manufacturers in protecting against competitive and/or financial harm were such information made public. *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984). Public notice of the parties' requests to seal and a reasonable opportunity to object have been provided by the filing of their motions, and no objections have been filed with the court. Moreover, the parties have narrowly tailored their requests to remove only information that is sensitive and confidential and not otherwise publicly known. Accordingly, the motions to seal are allowed.

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion to seal [DE #387] and Plaintiff's Motion to Seal [DE #395] and ORDERS as follows:

1.  The following filings shall be SEALED:

    a. Defendant's Response in Opposition to Plaintiff's Motion to Partially Amend the Scheduling Order [DE #382] and the proposed redacted versions filed at DE ##387-1, 388, 396-3;

    b. Exhibits 1, 2, 3, 5, 6, 7, 8, 10, 11, 12, and 16 to Declaration of Robert J. Scheffel [DE ## 384-1, 384-2, 384-3, 384-5, 384-6, 384-7, 384-8, 384-10, 384-11, 384-12, 384-16] and Defendant's proposed redacted version of Exhibit 3 [DE ## 388-2]. Redacted versions of these filings are available to the public on the court's docket at DE ## 388-1, 396-4, 396-5, 396-6, 396-7, 396-8, 396-9, 396-10, 396-11, 396-12, 396-13; and

c. Plaintiff's Reply in Support of its Motion to Partially Amend the Scheduling Order [DE #391]. A redacted version of this filing is available to the public on the court's docket at DE # 396-14.

2. Within seven (7) days of the date this order is entered, the parties shall prepare and file a publicly available version of Defendant's Response in Opposition to Plaintiff's Motion to Partially Amend the Scheduling Order redacting the sealed information.

3. The clerk is directed to UNSEAL the following provisionally sealed documents unless a motion to seal is filed within seven (7) days of the date this order is entered:

    a. Exhibit 4 [DE #384-4];

    b. Exhibit 9 [DE #384-9];

    c. Exhibit 13 [DE #384-13];

    d. Exhibit 14 [DE #384-14]; and

    e. Exhibit 15 [DE #384-15].

This 10th day of January 2022.

*[Signature]*
KIMBERLY A. SWANK
United States Magistrate Judge